EILEEN M. DECKER
United States Attorney
DOROTHY A. SCHOUTEN
Assistant United States Attorney
Chief, Civil Division
ROBYN-MARIE LYON MONTELEONE
Assistant United States Attorney
Chief, General Civil Section
ERIKA JOHNSON-BROOKS
Assistant United States Attorney
    Federal Building, Suite 7516
    300 North Los Angeles Street
    Los Angeles, California 90012
    Telephone: (213) 894-0474
    Facsimile: (213) 894-7819
    E-mail: Erika.Johnson@usdoj.gov

Attorneys for Defendant
United States of America

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN JILES AND SCOTT CHRISTY,<br><br>    Plaintiffs,<br><br>v.<br><br>UNITED STATES OF AMERICA, ET AL.,<br><br>    Defendants. | No. SACV 16-01722 JVS (JCGx)<br><br>**RULE 26(f) REPORT**<br><br>Date:   December 12, 2016<br>Time:  10:30 a.m.<br>Ctrm:  10C<br>         411 West Fourth Street<br>         Santa Ana, CA 92701<br><br>Hon. James V. Selna |

      Plaintiffs, John Jiles and Scott Christy ("Plaintiffs"), and Defendant, United States of America ("Defendant"), by and through their undersigned counsel, hereby propound a Joint Rule 26(f) Report as required by F.R.Civ.P. 26(f), Central District Local Rule 26-1, and this Court's Order, dated November 4, 2016.  On November 30, 2016, counsel for Plaintiffs and counsel for Defendant met and conferred on this plan.

1

This is an action brought by Plaintiffs pursuant to the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 1346 (b), 2671-2680, alleging that Jiles (the driver) and Christy (the passenger) were injured when United States Postal Service ("USPS") driver, Kimberly Bradley, ran a red light and collided with their car.

I.   **DISCOVERY PLAN - REQUIRED BY FED. R. CIV. P. 26(f)**

    A.   **Rule 26(a) Disclosures (Rule 26(f)(3)(A))**

The parties do not propose that any changes be made in the timing, form, or requirement for disclosures under Rule 26(a)(1). The parties will make the disclosures required by Rule 26(a)(1) on or before **January 27, 2017**.

The parties do not propose that any changes be made in the timing, form or requirement for disclosures under Rule 26(a)(2).

The parties do not propose that any changes be made in the timing, form, or requirement for disclosures under Rule 26(a)(3).

B.   **Issues Regarding Discovery (Rule 26(f)(3)(B))**

    1.   **Subjects on Which Discovery May Be Needed**

The parties shall conduct discovery concerning the claims raised by Plaintiffs in the Complaint and the defenses raised by Defendant in the Answer. As of the date of the filing of this report, neither party has taken any discovery. Defendant intends to take the depositions of the Plaintiffs and all percipient witnesses, and to serve written discovery on Plaintiff. Plaintiffs intend to serve written discovery on Defendant, including written

request for admissions and request for production of documents. Plaintiffs will depose Defendant's driver.

### 2. **When Discovery Should Be Completed**

Non-expert discovery should be completed on or before **April 28, 2017**.

### 3. **Limitations on Discovery**

The parties do not propose that discovery be conducted in phases or limited to or focused on particular issues.

## C. Issues Related To Disclosure Of Electronically Stored Information (Rule 26(f)(3)(C))

The parties have agreed to produce hard copies of all relevant documents.

## D. Issues Related To Claims Of Privilege Or Protection Of Trial-Preparation Material (Rule 26(f)(3)(D))

The parties do not propose any special procedure regarding privilege or protection of trial-preparation material.

## E. Changes To Limitations On Discovery (Rule 26(f)(3)(E))

The parties do not request that the Court change the limitations on discovery imposed under the Federal Rules of Civil Procedure or the Local Rules, nor do the parties propose other limitations, however, the parties reserve the right to make such requests prior to the discovery cutoff date.

/ / /

**F.     Additional Orders (Rule 26(f)(3)(F))**

    **1.     Rule 26(c) Orders**

The parties at this time do not anticipate seeking any orders pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, however, the parties reserve the right to pursue such orders as needed prior to the discovery cutoff date.

    **2.     Rule 16(b) Orders (Rule 16(b)(3))**

        **(1)     Deadline to Join Parties and Amend Pleadings**

The parties propose **February 10, 2017**, as the deadline to join other parties and to propose amendments to the pleadings.

        **(2)     Deadline to Complete Discovery**

The parties propose **April 28, 2017**, as the deadline to complete discovery.

        **(3)     Deadline to Hear Motions**

The parties propose **June 5, 2017**, as the deadline for hearing dispositive motions.

        **(4)     Proposed Modifications of Times for Disclosure**

The parties have not proposed changes to the times for disclosure under Rule 26(a)(2).

        **(5)     Proposed Modifications of Extent of Discovery**

The parties have not proposed modifications regarding the extent of discovery.

        **(6)     Proposed Provisions for Disclosure of Electronically Stored Information**

The parties have agreed to produce hard copies of all relevant documents.

      **(7)** **Proposed Agreements for Asserting Claims of Privilege of Trial-Preparation Material**

The parties do not propose any special procedure regarding privilege or protection of trial-preparation material.

      **(8)** **Proposed Date for Conferences Before Trial, Final Pretrial Conference, and Trial**

The parties propose **July 10 2017**, as the date for the Final Pretrial Conference. The parties propose **July 25, 2017**, as the date for trial.

    **3.** **Rule 16(c) Orders**

      **(1)** **Advisability of Referring Matters to Magistrate Judge**

The parties respectfully do not consent to reference of this matter to the Magistrate Judge for all purposes.

      **(2)** **Settlement Procedures**

The parties propose submitting to Settlement Procedure No. 1, before the Magistrate Judge assigned to the case, pursuant to Local Rule 16-15.4.  Plaintiffs have been advised of the necessity to present any settlement demands to Defendant in writing.

      **(3)** **Form and Substance of Pretrial Order**

The Pretrial Conference Order shall be completed in the manner and form contemplated by Local Rule 16-6.

/ / /

## II. ADDITIONAL ISSUES - REQUIRED BY LOCAL RULE 26-1

### A. Complex Cases (Local Rule 26-1(a))

The Manual for Complex Litigation does not apply to this action.

### B. Motion Schedule (Local Rule 26-1(b))

Motions for summary judgment are unlikely in this case. The parties propose **June 5, 2017**, as the cutoff date by which all dispositive or partially dispositive motions shall be heard.

### C. ADR (Local Rule 26-1(c))

The parties have begun preliminary discussions concerning settlement of this action. Plaintiff has been advised of the necessity to present any settlement demands in writing. The parties have agreed to proceed to an early settlement conference after some initial discovery is completed. As set forth above, the parties propose submitting to Settlement Procedure No. 1, before the Magistrate Judge assigned to the case, pursuant to Local Rule 16-15.4.

### D. Trial Estimate (Local Rule 26-1(d))

Pursuant to 28 U.S.C. § 2402, this case will be a court trial. The parties estimate that the trial would take approximately four (4) court days.

### E. Additional Parties (Local Rule 26-1(e))

It is not anticipated at this time that additional parties are likely to appear in this action.

F.    **Expert Witnesses (Local Rule 26-1(f))**

The parties propose that opening expert witness disclosures shall be served by **March 18, 2017**; rebuttal expert witness disclosures by **April 18, 2017**; and the expert discovery cutoff will be on **May 31, 2017**.

Dated: December ____, 2016    KUSION & CAMPANA

_____
DAVID E. CAMPANA, ESQ.
Attorneys for Plaintiffs
John Jiles and Scott Christy


EILEEN M. DECKER
Acting United States Attorney
DOROTHY A. SCHOUTEN
Assistant United States Attorney
Chief, Civil Division
ROBYN-MARIE LYON MONTELEONE
Assistant United States Attorney
Chief, General Civil Section


   */s/ Erika Johnson-Brooks*
ERIKA JOHNSON-BROOKS
Assistant United States Attorney

Attorneys for Defendant
United States of America